U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 15 P 1:01

CLERK

BY ______ DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MARGARET MALATERRE,

on behalf of herself and all others similarly situated,

Plaintiff,

v.

NATIONAL BATH SYSTEMS LLC,

Defendant.

Case No.: 2:25-cv-00543-cr

**AMENDED ORDER GRANTING UNOPPOSED MOTION TO DIRECT CLASS NOTICE AND GRANT PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiff's Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, filed July 31, 2026 (ECF No. 44). The terms of the proposed settlement are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to Plaintiff's motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the motion and orders as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All U.S. resident individuals who were employed by Bath Fitter or one of its affiliates on or before May 13, 2026, whose PII may have been accessed and/or acquired in the Security Incidents. The Settlement Class specifically excludes: (i) the Bath Fitter Releasees' officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

> attorneys representing the Parties in the Litigation; and (v) any other individual found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity involved in the Security Incidents or who pleads nolo contendere to any such charge.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes only that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; d) the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representative and Settlement Class Counsel**. The Court finds for settlement purposes only that the Plaintiff named in the Complaint will likely satisfy the requirements of Rule 23(e)(2)(a) and should be appointed as the Settlement Class representative. Additionally, the Court finds that proposed Class Counsel, Patrick A. Barthle II of Morgan &

Morgan and Ryan D. Maxey of Maxey Law Firm, P.A. will likely satisfy the requirements of Rule 23(e)(2)(A) and for settlement purposes are appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiff's claims, the stage of the proceedings at which the Settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on November 30, 2026 at 10:00 a.m. EST in Courtroom 510 at the United States Courthouse, 11 Elmwood Ave., Burlington, Vermont to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved; (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (e) the application of the Settlement Class Representative for a service award should be approved.

6. **<u>Settlement Administrator</u>**. The Court appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator, with responsibility for class notice and claims administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid by Defendant pursuant to the Settlement Agreement.

7. **<u>Notice</u>**. The proposed method for providing notice set forth in the Settlement Agreement and the Claim and Class Notice Forms attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8. **<u>Findings Concerning Notice</u>**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by class members.

The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement.

9. **<u>Exclusion from Class</u>**. Any Settlement Class Member who wishes to be excluded

from the Settlement Class must mail a written request for exclusion to the Settlement Administrator at the address and in the manner provided in the Notice. Such requests for exclusions must meet the opt-out deadline established by this Order and stated in the Notice.

A request for exclusion must be in writing and: (a) state the name of this proceeding (*Malaterre v. National Bath Systems, LLC*, Case No. 2:25-cv-00543-cr, or similar identifying words such as "Bath Fitter Data Incident Lawsuit"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not received within the specified time shall be invalid and the Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Settlement Administrator shall forward a list of all requests for exclusion to Class Counsel and to Defendant's Counsel within 7 days of the Opt-Out Deadline.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the Settlement.

10. **Objections and Appearances**. Any Settlement Class Member may object to the

Settlement, Class Counsel's request for fees and expenses, or the request for a service award payment to the Settlement Class Representative; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For the objection to be considered by the Court, the objection must be in writing and include:

(i) the objector's full name, address, telephone number, and e-mail address (if any);

(ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class;

(iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(iv) the identity of all counsel representing the objector;

(v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and

(vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment

if entered.

11. **Claims Process**. The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, Defendant shall pay for the following general categories of relief: (i) reimbursement of Ordinary Out-of-Pocket Losses, not to exceed $450 per Settlement Class Member;, (ii) reimbursement of Extraordinary Out-of-Pocket Losses, not to exceed $4,000 per Settlement Class Member, including 8 hours of time spent remedying issues related to the Data Incident at $20 per hour, (iii) in lieu of making a claim for Ordinary or Extraordinary Out-Of-Pocket Losses and/or Attested Time, Settlement Class Members may make one claim for an alternative cash payment (the amount of each alternative cash payment is estimated at $75.00 but will be calculated by dividing $23,593.50 by the number of Approved Claims for the alternative cash payment) and (iv) Settlement Class Members can also elect to enroll in two years of three-bureau credit monitoring services. The Court preliminarily approves this process and directs the Settlement Administrator to make the claim forms or their substantial equivalents available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirement and procedures specified in the Class Notice and the claim forms. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

12. **Termination of Settlement**. This Order shall become null and void and shall be

without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: a) the Settlement is not approved by the Court or is terminated in accordance with its terms; or b) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

13. **Use of Order**. This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the propriety of certifying any class in the Action. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this litigation or in any other lawsuit.

14. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Schedule and Deadlines**. The Court orders the following schedule of dates for the

specified actions/further proceedings:

| ACTION | DATE |
|---|---|
| Defendant Provides Class Member List | Within 14 days of this Order |
| Completion of Notice Program (Class Notice Date) | 30 days after entry of this Order |
| Motion for Attorneys' Fees, Expenses, and Service Award | 14 days prior to the Objection Deadline |
| Exclusion / Opt-Out Deadline | 60 days from the Class Notice Date |
| Objection Deadline | 60 days from the Class Notice Date |
| Deadline to Submit Claims | 90 days after the Class Notice Date |
| Final Approval Brief | At least 14 days prior to the Final Approval Hearing |

**DONE AND ORDERED** in Burlington, Vermont on this 15th day of September, 2026.

Christina Reiss, Chief Judge
United States District Court